IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ALFAREZ TAYLOR,

    Petitioner,

v.                                          CIVIL ACTION NO. 1:16-07498

B.J. JOHNSON, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). See Doc. No. 3.

Magistrate Judge Aboulhosn submitted to the court his PF&R on February 3, 2017, in which he recommended that the court dismiss Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 by a Person in State or Federal Custody; and remove this matter from the court's docket.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to the Magistrate Judge's PF&R. The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court. See Snyder v.

1

Ridenour, 889 F.2d 1363 (4th Cir. 1989). Petitioner filed his objections to the Magistrate Judge's PF&R.

Petitioner claims that he should not have been required to exhaust his remedies administratively and that the Bureau of Prisons ("BOP") lacks the authority to impose sanctions upon Petitioner. As for exhaustion, Petitioner may not be excused from exhausting his administrative remedies because he anticipates that he will not succeed. Only in exceptional circumstances, which do not exist here, might Petitioner be excused. See Thethford Properties IV Ltd. Partnership v. U.S. Dept. of Housing & Urban Development, 907 F.2d 445, 450 (4th Cir. 1990) ("Absent a clear showing that an administrative agency has taken a hard and fast position that makes an adverse ruling a certainty, a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion."); Dagley v. Johns, 2012 WL 2589996, *2 (E.D.N.C. July 3, 2012)("[A] petitioner's conclusory prediction of failure is not sufficient to excuse his lack of administrative exhaustion."). Thus, Petitioner's exhaustion objection fails.

With respect to the sanctions, any sanctions imposed upon Petitioner following the rehearing will be imposed by a Discipline Hearing Officer ("DHO") who is a member of the BOP's

staff, pursuant to 28 C.F.R. § 541.1.  Since "Petitioner's claim that he was improperly sanctioned by a non-BOP DHO is rendered moot by his rehearing," Doc. No. 10, there is no live case or controversy that a federal court is competent to adjudicate. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Indeed, the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. (citations omitted).  "If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983).  As a result, Petitioner's sanctions objections are unavailing.

Accordingly, the court adopts Magistrate Judge Aboulhosn's PF&R as follows:

1) Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 by a Person in State or Federal Custody is **DISMISSED**; and

2) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to Petitioner.

It is **SO ORDERED** this 13th day of April, 2017.

ENTER:

David A. Faber
Senior United States District Judge